UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------x
:
DINORYS BRACHO,                               :     3: 18 CV 021 (VLB)
*as Parent and Next Friend of Danilo*         :
*Bracho, and Individually*                    :
                                              :
v.                                            :
                                              :
KENT SCHOOL                                   :     DATE: OCT. 15, 2019
                                              :
                                              :
----------------------------------------------------x

## RULING ON DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF'S EXPERT (DOC. NO. 55), PLAINTIFF'S MOTION TO COMPEL PRODUCTION (DOC. NO. 60), AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOC. NO. 71)

This litigation arises out a bicycling accident that occurred on April 21, 2016. Danilo Bracho ("Danilo"), then a student at Kent School, was bicycling with the school's Road Biking activity when he crashed, sustaining serious injuries. Plaintiff Dinorys Bracho, Danilo's mother, has filed the present action against Kent School, asserting that it failed to warn Danilo about the risks of the Road Biking activity, failed to provide Danilo with necessary and adequate supervision and training, and provided Danilo—and allowed him to ride—an unsafe bicycle. (Doc. No. 1, at 10). Presently before the Court are three motions: (1) the defendant's Motion to Compel Deposition of Plaintiff's Expert (Doc. No. 55); (2) the plaintiff's Motion to Compel Production (Doc. No. 60); and (3) the defendant's Motion for Protective Order (Doc No. 71). The Court heard oral argument on these motions on October 8, 2019. In accordance with the rulings made on the record, and for the following reasons, the defendant's Motion to Compel Deposition of Plaintiff's Expert is DENIED without prejudice to a renewal, the plaintiff's Motion to Compel Production is

GRANTED in part and DENIED in part, and the defendant's Motion for Protective Order is DENIED.

I. DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF'S EXPERT

The defendant filed this motion on July 3, 2019, seeking resolution of objections that the plaintiff's counsel made during the deposition of Dr. Young, one of Danilo's treating physicians. (Doc. No. 55). The defendant moved the Court for an order permitting a continued deposition of Dr. Young, at which the defendant would be allowed to question Dr. Young about other providers' medical records and to elicit Dr. Young's opinions generally about Danilo's subsequent treatment. The plaintiff opposed the motion on August 7, 2019, (Doc. No. 63), and the defendant replied on August 21, 2019. (Doc. No. 65).

At the oral argument on October 8, 2019, the parties represented that the facts related to this motion had changed. The defendant had initially noticed Dr. Young's deposition, which took place on February 15, 2019, because the plaintiff had disclosed Dr. Young as a treating physician in her expert disclosures. At that deposition, the plaintiff's counsel objected to Dr. Young reviewing and offering opinion testimony about two other providers' medical records relating to treatment of Danilo. The plaintiff argued that it was improper for Dr. Young to review those medical records without a Health Insurance Portability and Accountability Act ("HIPAA") authorization, and that, if Dr. Young were to do so and testify as proposed by the defendant, he would be giving expert testimony outside his role as a treating physician. Dr. Young did not answer these questions, and the defendant thereafter filed the instant motion asking the Court to overrule the plaintiff's objections and require Dr. Young to attend a continued deposition at which he would have access to those providers' medical records and be asked to testify about them and opine about Danilo's subsequent treatment.

At oral argument, the plaintiff stated that she has taken Dr. Young off her list of experts she expects to call at trial and that his testimony will be limited to that of a treating physician. The defendant, however, represented at the oral argument that it intends to disclose Dr. Young as an expert, though it has not done so yet. The defendant argued that, by refusing to give Dr. Young access to the two providers' medical records and by not allowing Dr. Young to testify as to Danilo's subsequent treatment, the plaintiff has "foreclosed" the defendant from learning its own expert's opinions. The defendant, however, has not disclosed Dr. Young as an expert. To compel Dr. Young to testify as proposed by the defendant before any disclosure of Dr. Young as an expert would be to compel expert testimony from a treating physician not retained as an expert. *See McAfee v. Naqvi*, No. 3:14-CV-410, 2017 WL 3184171, at *4 (D. Conn. July 26, 2017) ("A treating physician who has not complied with the reporting requirement of Rule 26(a)(2) should therefore 'not be permitted to render opinions outside the course of treatment and beyond the reasonable reading of the medical records'") (citing *Barack v. Am. Honda Motor Co.*, 293 F.R.D. 106, 109 (D. Conn. 2013); *see id.* ("[I]f a treating physician is called upon to review . . . [any] materials outside the four corners of [his] medical records and to opine greater than what is reflected in those medical records, we then would be of the view that such treating physician now falls with[in] the parameters" of Rule 26(a)(2)(B) and a written expert report would be required.") (citing *Lamere v. N.Y. State Office for the Aging*, 223 F.R.D. 85, 89 (N.D.N.Y. 2004)).

Accordingly, the Court finds this motion to be premature. The defendant's Motion to Compel Deposition of Plaintiff's Expert is DENIED without prejudice to a renewal.

II. <u>PLAINTIFF'S MOTION TO COMPEL PRODUCTION</u>

Upon the request of the defendant, and with the consent of the plaintiff, Dr. Richard T. Katz completed a Rule 35 Independent Mental and Physical Examination of Danilo on January 30,

2019. The plaintiff filed this motion on August 5, 2019, after the plaintiff had requested Dr. Katz's report and "entire file" pursuant to Rule 35(b), and the defendant had indicated it would not produce anything until the expert disclosure deadline, and even at that time, would only produce Dr. Katz's final report. (Doc. No. 60). The defendant opposed the motion on August 26, 2019, (Doc. No. 69), and the plaintiff replied on August 27, 2019. (Doc. No. 70).

Federal Rule of Civil Procedure 35(b)(1) provides, in relevant part, that a party who moves for an independent medical examination "must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition." *Id.* "The examiner's report . . . must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(2).

The plaintiff initially sought in its motion to compel disclosure of the "the report and all drafts of the report, like reports of all earlier examinations of the same condition, Dr. Katz's notes, data, and recordings of all earlier examinations of the same condition, correspondence with defense counsel, time records, and any other documents generated in connection with the examination . . . within 5 days of the Court's Order on this Motion." (Doc. No. 60, at 6). At the oral argument, the parties agreed that the plaintiff is entitled to Dr. Katz's full report. The parties also agreed that the plaintiff is entitled to Dr. Katz's notes, data, and recordings of the examination, time records, and any other documents generated in connection with the examination. Indeed, defense counsel represented that Dr. Katz's report fairly includes all those requested items, including photos and data. The parties continue to disagree, however, as to whether the defendant must disclose to the plaintiff any correspondence between Dr. Katz and defense counsel.

The Court finds that the defendant is not required to produce to the plaintiff any attorney correspondence. The Court is not persuaded by the plaintiff's argument that Rules 26 and 35, when

read together, compel production of attorney correspondence. Nor has the plaintiff cited—or the Court found—any case law in support of the plaintiff's assertion that she is entitled to attorney correspondence. Contrary to the plaintiff's contention, the decision in *Castillo v. Western Beef, Inc.*, No. 04-CV-4967, 2005 WL 3113422 (E.D.N.Y. Nov. 21, 2005)[1] cannot be read so broadly as to suggest that "any other documents generated in connection with the examination" encompasses attorney correspondence.

As to the timing of the defendant's disclosure, Rule 35(b) does not prescribe a time limit, noting only that the report must be provided "on request." *See* Fed. R. Civ. P. 35(b). The defendant argues that it is not obligated to disclose the report until the expert disclosure deadline, which is November 1, 2019, whereas the plaintiff requests an order compelling disclosure within five days of the Court's Order on the motion.

There is varying treatment among the district courts on the relationship between the expert disclosure deadline in Rule 26 and the timing for a Rule 35 report. The case law on this interplay, however, typically involve decisions on whether the defendant may conduct a Rule 35 examination or disclose a Rule 35(b) report *after* the expert disclosure deadline has passed. *Compare Bush v. Pioneer Human Services*, No. 09-CV-518, 2010 WL 324432, at *5 (W.D. Wash. Jan. 21, 2010) *and Waggoner v. Ohio Centr. R.R.*, 242 F.R.D. 413, 414 (S.D. Ohio 2007) *with Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 418 (S.D. Tex. 2012) *and Roberson v. Church*, No. 09-CV-372, 2009 WL 4348692, at *1 (M.D. Fla. Nov. 24, 2009). At least one district court has considered the situation at issue here, where the plaintiff seeks to compel the defendant to disclose the Rule 35(b) report before the expert disclosure deadline. *See Garayoa v. Miami-Dade County*, No. 16-CV-

---

[1] This decision by Magistrate Judge E. Thomas Boyle was upheld by District Judge Nicholas Garaufis. *See Castillo v. Western Beef, Inc.*, No. 04-CV-4967, 2005 WL 3501880 (E.D.N.Y. Dec. 21, 2005) ("The language of [Rule 35(b)] supports . . . Magistrate Judge Boyle's conclusion that the rule's inclusion of 'results of all tests made, diagnoses and conclusions' compels Defendant to produce Dr. Kleinman's notes, data, and recordings of the examination.").

20213, 2017 WL 2880094, at *5 (S.D. Fla. July. 6, 2017). In *Garayoa*, the court found that the expert disclosure deadline was the operative deadline, but in its discretion, required the defendant to disclose the Rule 35(b) report approximately one month earlier. *See id*.

Here, considering that the expert disclosure deadline is less than three weeks away, the Court will not compel the defendant to produce the Rule 35(b) report before that time. Accordingly, the plaintiff's Motion to Compel Production is GRANTED in part and DENIED in part. The defendant is required to produce to the plaintiff Dr. Katz's expert report, which will include his notes, data, recordings of the examination, time records, and any other documents generated in connected with the examination, by **November 1, 2019**. The defendant is not required to produce to the plaintiff correspondence between Dr. Katz and defense counsel.

III. DEFENDANT'S MOTION FOR PROTECTIVE ORDER

On September 17, 2019, the defendant filed a Motion for Protective Order (Doc. No. 71), seeking to preclude the deposition of a former Kent School student. The defendant argues that the plaintiff should be barred from deposing this individual because Danilo's adult brother recorded a phone call between himself and the minor student about Danilo's bicycle accident without her consent and while she was enrolled at Kent School. Moreover, the defendant claimed at oral argument that Danilo's brother improperly manipulated the minor witness during the secretly recorded call. According to the defendant, any information gleaned from her is "fruit from the poisonous tree." (Doc. No. 71-1, at 1-2). The plaintiff opposed this motion on September 25, 2019, (Doc. No. 76), and the defendant replied on October 8, 2019. (Doc. No. 79).

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering

the important of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The Advisory Committee's Notes to the 2015 amendment of Rule 26 further explain that:

> [a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

A party from whom discovery is sought, may seek a protective order to shield itself from "annoyance, . . . undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gomez v. Resurgent Capital Servs., L.P.*, 129 F. Supp. 3d 147, 152 (S.D.N.Y. 2015) (internal quotation marks omitted). The requirement of "good cause" is the "touchstone of the court's power under Rule 26(c)[.]" *Id.* The party seeking the protective order bears the burden of showing "good cause." *See id.* at 152–53; *see also Nwachukwu v. Liberty Bank*, No. 3:16-CV-704, 2018 WL 2016854, at *2 (D. Conn. May 1, 2018) (citing *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 391 (2d Cir. 1981)).

Here, at the oral argument, the defendant continued to seek preclusion of the deposition; alternatively, the defendant sought to preclude the plaintiff from using the unlawful recording at the deposition. The plaintiff argued that neither application was supported by the case law and insisted that the deposition should go forward and that she be permitted to use the recording to impeach the witness, if necessary. Therefore, in considering the defendant's motion for a

protective order, the Court must decide not only whether the deposition should proceed, but also whether the parties should be allowed to make use of the unlawful recording at the deposition. After reviewing the parties' extensive briefing, and hearing oral argument on this issue, the Court finds that the defendant has not met its burden of showing "good cause" for entry of a protective order.

At the outset, there is no dispute that the individual the plaintiff seeks to depose has highly relevant information in that she was one of the seven Kent School students who participated in the Road Biking activity on the day of Danilo's crash and may provide information on the location of the group's coaches at the time of the accident, a factual issue central to the plaintiff's claims and the defendant's version of events. In fact, the defendant identified her as someone likely to have discoverable information in its Initial Disclosures. (*See* Doc. No. 76-2, at 41 ("the other students involved in the Road Biking Activity"). The defendant also acknowledged at the oral argument that, absent the unlawful recording, it would not have objected to the deposition.

Additionally, the Court is not persuaded by the defendant's "fruit of the poisonous tree" argument. The defendant proffers cases from Connecticut state courts in which recordings obtained in violation of Connecticut law—such as the recording at issue here—were deemed inadmissible. (Doc. No. 71, at 6-7).[2] Preliminarily, these cases do not provide any support for the defendant's argument that the *deposition*—and not just the recording—should be precluded. Further, this is an action in federal court. Recordings that violate Connecticut law may still be admissible in federal

---

[2] Connecticut law requires the consent of all parties before an oral private telephonic communication may be recorded. *See* Conn. Gen. Stat. § 52-570d(a) ("No person shall use any instrument, device or equipment to record an oral private telephonic communication unless the use of such instrument, device or equipment (1) is preceded by consent of all parties to the communication and such prior consent either is obtained in writing or is part of, and obtained at the start of, the recording, or (2) is preceded by verbal notification which is recorded at the beginning and is part of the communication by the recording party, or (3) is accompanied by an automatic tone warning device which automatically produces a distinct signal that is repeated at intervals of approximately fifteen seconds during the communication while such instrument, device or equipment is in use.").

court if they meet the requirements of federal law. *See United States v. Pforzheimer*, 826 F.2d 200, 204 (2d Cir. 1987) ("[Evidence] admissible under federal law cannot be excluded because it would be inadmissible under state law."); *United States v. Morrison*, 153 F.3d 34, 57 (2d Cir. 1998) ("It is not unlawful under federal law for a person not acting under color of law to intercept a wire, oral or electronic communication where such person is a party to the communication."). Because Danilo's brother was a party to the conversation, the recording did not violate federal law, and thus it may be admissible. *See e.g., Morrison*, 153 F.3d at 57 (affirming finding that recording was properly admitted in federal court prosecution even though its taping might have violated California law). Finally, a deposition is not a court proceeding. Thus, even if the recording is ultimately found to be inadmissible at a subsequent trial, that fact does not render the use of the recording during the deposition improper. *See* Fed. R. Civ. P. 30(b)(1) ("Information within th[e] scope of discovery need not be admissible in evidence to be discoverable.").

Therefore, although the Court certainly considered precluding the plaintiff from using the unlawful recording at the deposition, there does not appear to be any case law supporting such preclusion. While the Court is cognizant of the fact that Danilo's brother made an unlawful, surreptitious recording of a minor during which he arguably manipulated her into saying specific things, the witness is now an adult and can testify to the contents of the recording and the circumstances surrounding the recording at the deposition, if necessary. Accordingly, the defendant's Motion for Protective Order (Doc. No. 71) is DENIED. The plaintiff may depose the individual and use the recording during the deposition. This ruling in no way impacts whether the unlawful recording or even the deposition testimony about the recording might be admissible at a subsequent trial.

IV.     CONCLUSION

In sum, for the foregoing reasons, the defendant's Motion to Compel Deposition of Plaintiff's Expert (Doc. No. 55) is DENIED without prejudice to a renewal, the plaintiff's Motion to Compel Production (Doc. No. 60) is GRANTED in part and DENIED in part, and the defendant's Motion for Protective Order (Doc. No. 71) is DENIED.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated this 15th day of October, 2019 at New Haven, Connecticut.

    /s/ Robert M. Spector_____
Robert M. Spector
United States Magistrate Judge