

November 6, 2020

Amy Constantine
Law Clerk to Judge Michael P. Shea
Email: amy_constantine@ctd.uscourts.gov

Re: **Bracho v. Kent School Corporation, 18 cv 0021 (MPS)**

Dear Judge Shea:

This letter is pursuant to the Court's Instructions for Discovery Disputes. Three discovery disputes are before the Court.

<u>First</u>, the defendant wants to continue the already once continued depositions of the plaintiff Danilo Bracho and Danilo's brother David Bracho in order to ask them more questions about the illegally obtained surveillance video of the plaintiff.[1] The Court should deny this request for several reasons. First, in fact, at David's deposition the defendant's counsel showed portions of the videos, asked the witness many questions about them, and adjourned the deposition without making or preserving or even mentioning any objections or complaints about the witness's answers or the scope of the examination. Second, the defendant's counsel could similarly have shown the video to Danilo and could have asked him any questions he wanted, but he failed to do either of these things. Instead, counsel asked only whether Danilo reviewed the video prior to the deposition, plaintiff's counsel objected on attorney-client and work product grounds to the extent that the answer would reveal what Danilo's counsel instructed him to review and any other legal advice given when preparing for the deposition, and defendant's counsel moved on to other topics.[2] Nothing prevented defendant's counsel from doing what he wants to do now; he simply chose not to do it, and he adjourned. The deposition ended this way:

> MR. PITBLADO: I guess it's – given that it's time to start David's deposition and that you refuse to answer my questions about what you reviewed in preparation for your deposition,

---

[1] Since the Court first addressed the questionable legality and possible inadmissibility of the defendant's secret surveillance video, David Bracho testified that, contrary to the Affidavit filed by the defendant in support of its surveillance, portions of it were filmed on private property – Danilo's high school. Portions also contain footage of underage girls, Danilo's and David's mother, their mother's friends, and other private parties, none of whom were notified that they were being filmed and none of whom gave permission for such filming.

[2] See *Sporck v. Peil*, 759 F. 2d 312 (2d Cir. 1986) (the selection and compilation of documents by counsel for litigation purposes is protected opinion work product); 7 Moore's Federal Practice – Civil Sec. 30.42[1][b] (A request for such materials encroaches on the work-product doctrine if the witness is asked what documents were given to him by counsel for review before the deposition, because the answer could reveal the thought process or opinion of counsel as to which documents counsel considered important).



we'll keep it open and take it up with the Court, I guess, Antonio; is that right?

MR. PONVERT: Yes. But just for that topic if the judge were to overrule my objection. If you want to use up your other time I think now is the time to do it.

Danilo Bracho September 22, 2020 Deposition at 128-129.

<u>Second</u>, the defendant wants to continue David Bracho's deposition (again) to ask him more questions about David's company, Bancasa AG, in order to discover whether Danilo (who sits on the board of the company) will be able to qualify for an EB-5 investor visa to obtain residency in the United States (an issue relevant to the amount of lost future earnings and costs of care).  But defense counsel already asked pages and pages of questions about David's company (many of which pushed the limits of relevancy or were totally improper), and the witness answered them.  Plaintiff's counsel objected when defendant's counsel asked questions about unrelated companies owned by third parties with whom David's company may or may not do business.  For example, "MR. PITBLADO: No. I just want to know if Bancasa AG, on which Danilo sits on the board, does business with Banco de Venezuela or Banco Bicentenario. That's it." (David Bracho September 22, 2020 Deposition at 57), and "Q. So does the income come from your father then?  You said it's from the family.  Does that mean it comes from your father?  How do you make an income?".  *Id.* at 52.  In any event, defendant's counsel adjourned the deposition without making or preserving or even mentioning any objections or complaints about David's answers about his company or the scope of the examination concerning his company.

<u>Third</u>, defendant's counsel wants to depose a treating Mass General surgeon about the surveillance video long after the close of discovery, and more than a year after the treater's records were produced and the surveillance video taken.  As a courtesy, plaintiff's counsel agreed to the defendant taking the deposition after the deadline, but only because Mr. Pitblado wrote in an email that he needed time "to review his file", not to allow questioning about surveillance the plaintiffs had already argued was illegally obtained and should not be used for any purpose.  The defendant should not be allowed to subpoena a treating physician and force him to give testimony after the deadline has passed and with no good cause why the deposition could not have been taken on time.

The defendant has shown no good cause for its requests to engage in yet more discovery long after the Court-imposed deadlines have passed.  Re-opening discovery now would be unduly prejudicial, would waste time and resources, would delay the proceedings, and would not be consistent with the just, speedy and inexpensive resolution of this case.

I certify that I have complied with the good faith conference obligations under the Federal Rules and Local Rules.

Respectfully submitted,

Antonio Ponvert III

APIII:sc

cc:  John Pitblado, Esq.