# Antonio Ponvert

**From:** Antonio Ponvert
**Sent:** Monday, June 28, 2021 3:21 PM
**To:** Emily Gait
**Cc:** Sconzo, James M.; Pitblado, John C.; Katelyn N. Gillick
**Subject:** Bracho v. Kent - DOC. 202 - Def's Motion in Limine to Preclude Unadjusted Medical Bills

Ms. Gait,

Kindly pass this on to Judge Shea.

In further opposition to the defendant's motion to preclude unadjusted medical bills, and in response to the Court's comments during the hearing today, the plaintiffs make the following additional points:

Conn. Gen. Stat. Sec. 52-572h(a)(1) provides that "'Economic damages' means compensation determined by the trier of fact for pecuniary losses including, but not limited to, the cost of reasonable and necessary medical care...." At the hearing today, the Court questioned whether "cost" within the meaning of this statute means the amounts billed by the providers or the amounts paid by the insurance companies, i.e., the unadjusted or the adjusted amounts. That question is answered in the collateral source statute itself.

That statute provides that "the court shall reduce the amount of [the] award which represents *economic damages, as defined in subdivision (1) of subsection (a) of 52-572(h),* by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section [insurance payments and other collateral sources] less the total of amounts determined to have been paid ... under subsection (c) of this section [insurance premiums paid by or on behalf of the claimant]...." Conn. Gen. Stat. Sec. 52-225a(a) (emphasis added).

Subsection (b) states in part: "For purposes of this subsection, evidence that a physician ... accepted an amount less than the total of any bill ... or any evidence that an insurer paid less than the total amount of any bill ... shall be admissible as evidence of the total amount of collateral sources...." Sec. 52-225a(b).

Thus, "economic damages" (which by definition in Sec. 52-572h(a)(1) include "the cost of reasonable and necessary medical care") shall be reduced, pursuant to Sec. 52-225a(a), by the amount of insurance payments made. Therefore, "the cost of reasonable and necessary medical care" must mean the billed amounts prior to any adjustments. If "the cost of reasonable and necessary medical care" meant the amounts paid by the insurance companies, the reduction mandated by 52-225a will already have been done and that statute would be superfluous and nonsensical. *See Hernandez v. Apple Auto Wholesalers of Waterbury, LLC,* 2021 Conn. LEXIS 120, *12 (Conn. Supreme Court May 7, 2021) ("When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature.... In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered....") (citations omitted).

The defendant's Motion in Limine, Doc. 202, should be denied without the need for an evidentiary hearing.

Respectfully submitted,
Antonio Ponvert III