UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DINORYS BRACHO and DANILO BRACHO | : | CIVIL NO. 18CV0021 (MPS) |
| | : | |
| v. | : | |
| | : | |
| KENT SCHOOL | : | NOVEMBER 15, 2021 |

### PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO MOTION FOR NEW TRIAL [DOC. 318]

The defendant has failed to meaningfully oppose the plaintiff's motion. Some of its more baseless or confused arguments are addressed here.

**I. Plaintiff's Counsel's Requested Instructions and His Trial and Appellate Strategy in *Mirlis v. Greer* and *Munn v. Hotchkiss* Are Irrelevant to the Court's Decision on This Motion.**

Throughout the defendant's brief, it references plaintiff's counsel's litigation strategy in two other cases, as if a lawyer should be estopped from taking different positions in different cases involving different parties, different facts, and different legal issues. *See, e.g.,* Objection (Doc. 318) at 2 ("In Mirlis, Plaintiff's counsel requested the following charge: ...."); ; *id.* at 2 n. 2 ("In *Mirlis*, Plaintiff's counsel also did not object to the Court's negligence instructions regarding foreseeability and special relationships even though … those instructions were very similar to (and appear to have been the template for) the instructions he now challenges."); *id.* at 9 ("Plaintiff's counsel in this case *opposed* a new trial in *Munn v. Hotchkiss* . . . by arguing …."); 11 n. 9 ("In *Munn v. Hotchkiss* …, Plaintiff's counsel argued that the defendant had failed to preserve and had waived their post-trial challenges to certain instructions on the ground that they had not objected to the instructions at issue."); and *id.* at 17 ("In *Mirlis*, Plaintiff's counsel requested an instruction that a 'special duty of care' applies ***'if you find that the plaintiff was in the custody or control*** of the defendant at the time of his injuries.'")

1

(emphasis in original).

The defendant's position is absurd, and it offers no authority to support it. Attorney Ponvert is not a litigant who may be estopped from taking differing positions in litigation; he is a trial lawyer.  Mr. Sconzo and Mr. Pitblado are not parties to their cases. In their combined decades of practice they have no doubt asserted arguments in some cases that are the polar opposite of their arguments in others.  There is nothing improper or even notable about this.  If there were, the Rules of Professional Conduct would address it.  Indeed, in many cases even litigants may assert contrary positions in different cases.  *See, e.g., Ciena Corp. v. Nortel Networks Inc.*, 2006 U.S. Dist. LEXIS 97450, *18 (E.D. Tx. 2006) ("Ciena is not judicially estopped from making its current argument before this Court based on the arguments it made with different counsel in regards to a claim term in different patent before a different court in a different case.").

More to the point, however, there is nothing inconsistent in plaintiff's counsel's positions in these three cases.  They are simply three different cases that required either different jury instructions or a different emphasis on jury instructions.  *Mirlis* concerned intentional sexual abuse.  There was no question that the plaintiff's injuries were foreseeable.  The duty question did not rely on a "special relationship".  And the defendant never contended, as Kent did here, that it did not have custody of its minor students.  At the time of the *Munn* trial, the Connecticut Supreme Court had obviously not issued its decision on certification from the Second Circuit.  Plaintiff's counsel could not have requested instructions based on a decision that did not yet exist.  The Hotchkiss School's waiver of post-trial arguments bears no relation to the facts and issues presented here.

**II.     The Court Erred by Failing to Instruct the Jury that, Because of the Special Relationship Between Them, Kent Owed the Plaintiff a Duty as a Matter of Law.**

The defendant's objection to that portion of the Motion for New Trial concerning the "Special Relationship" between the parties and the school's established duty of care lacks merit for several reasons.

    A.  <u>The defendant's argument that "the Court did not leave the issue of duty to the jury" because the special relationship "instructions established that Kent School owed Danilo a duty of care" (Doc. 318 at 15) is meritless.</u>

<u>First</u>, the Court instructed the jury that a "*special relationship arises between a defendant and a plaintiff when the defendant takes custody of the plaintiff so as to deprive him of his normal powers of self-protection and thereby assumes a duty of care to the plaintiff.* One example of this type of special relationship is the relationship between a private school and the students in its custody or care." Doc. 318-9 at 1245-1246. The word "care" in the final sentence does not, as the defendant argues, amend or erase the italicized part of this charge: the jury had to find that Kent took custody of Danilo in order for it to find that a special relationship existed. Moreover, even if the word "care" in this instruction had the meaning the defendant insists, the school also denied that Danilo was in the school's care. *See* Doc. 310 at 13 (quoting Cataldo testimony) ("Q  You have the obligation and the responsibility to take care of the children and protect them from harm?  Yes or no?  A  It's not that simple.").

<u>Second</u>, plaintiff's counsel's statement in closing *argument* that "this special relationship exists here" (Objection at 15) does not support the proposition that the "instructions established that Kent School owed Danilo a duty of care".

<u>Third</u>, the instruction that "the defendant is under the obligation to exercise the care that a reasonably prudent person would use under the circumstances" (Objection at 15-17) has no application unless and until the jury has found that a duty to use such care

3

exists.  It is not an independent instruction that the jury must find that the duty has been proven.  At the charge conference Attorney Sconzo (after first agreeing) refused to concede that Kent owed Danilo a duty of care.  If this instruction "established" such a duty, he would have objected to it with the same fervor that he objected to the plaintiff's supplemental jury instruction that a "special relationship" exists in this case.

- B. <u>The defendant's argument that giving the legal "special relationship" duty question to the jury was not erroneous because "the Second Circuit approved an instruction that left the question of foreseeability ... to the jury in *Munn v. Hotchkiss*" (Objection at 17) is hopelessly confused.</u>

The defendant seems not to understand that, as the Court instructed, "[a] duty to use reasonable care may arise from either or both of *two sources* in this case…." 318-9 at 1245 (emphasis added).  The first is when a reasonable person would foresee that harm of the same general nature was likely to result.  *Id.*  The second is when there is a "special relationship" between the parties.  *Id.*  In order to establish that a duty exists under the first source, the judge must determine as a matter of public policy that a duty should exist under the facts presented, and the jury must determine, as the Munn Court instructed, "whether the school should have foreseen the risk…."  Objection at 17.  That is properly a fact question for the jury.

The question whether Kent School owed Danilo a duty of care because of their "special relationship", on the other hand, requires no factual findings from the jury because it is already established as a matter of law.  *See Doe v. Hotchkiss*, 2019 U.S. Dist. LEXIS 37483, *14-17 (D. Conn. 2019) (Bolden, J.) ("Under Connecticut law, there was an affirmative duty for Hotchkiss to protect John Doe while he was in their custody due to the special relationship between schools and students."); and *Munn v. Hotchkiss*, 326 Conn. at 550 ("Although the law of negligence typically does not impose a duty on one party to act affirmatively in furtherance of the protection of another, there are certain

4

exceptions to that general proposition…. One exception applies when there is a 'special relationship' between those parties… and one example of such a special relationship that has received wide recognition, along with a concomitant duty to protect, is the relationship between schools and their students.").

The defendant states that the Second Circuit held "there was sufficient evidence for the *Munn* jury to conclude that the … injuries were foreseeable," and it argues that the Court "would not have so held if, as Plaintiffs contend, no fact issues that may inform the question of duty can be left to the jury." Objection at 18. The defendant either misunderstands the plaintiff's argument or it misunderstands the difference between duty based on foreseeability of harm and duty based on special relationship. Or it is being intentionally obtuse. Whatever the reason, its objection fails to refute or even to meaningfully address this entire section of the plaintiff's Motion for New Trial (Doc. 310 at 1-14).

### III. The Plaintiff Preserved His Objections To The Court's Erroneous Instructions.

The defendant spends much of its Objection arguing that the plaintiffs "waived all of their jury instructions arguments." Objection at 11. It is mistaken for two reasons. First, the plaintiff filed supplemental proposed jury instructions concerning the parties special relationship and the permission form, and the Court explicitly instructed the parties that "You're preserved once you've submitted a request to charge. So if I don't give a request to charge that you submitted, it's on the docket, and if it's erroneous, then I can be reversed regardless of whether you even raised it at the charge conference." June 28, 2021 Tr. (Exhibit D to the Affidavit of Antonio Ponvert III In Support of Motion for New Trial) at 66. *See also* July 15, 2021 Tr. (Ponvert Aff. Exh. A) at 2 ("THE COURT: … [W]ith respect to requests to charge that were filed on the docket, you're

5

preserved if I didn't give it."). Second, even though he was not required to do so, plaintiff's counsel raised and preserved his objections again at the charge conference.

## IV. The Court's Erroneous Duty Instructions Were Harmful.

The defendant fails to respond at all to the plaintiff's argument that the Court's erroneous duty instructions were harmful because they increased the burden of proof on the plaintiff by requiring him to prove an element of his negligence claim already established as a matter of law. *See Morrissey v. Nat'l Maritime Union*, 544 F.2d 19, 26 (2d Cir. 1976) (new trial required where district court erroneously submitted a question of law to the jury). Motion for New Trial (Doc. 310) at 11-12. And it fails entirely to respond to the plaintiff's argument that the erroneous instructions were harmful because the Court failed to follow binding legal authority from the Connecticut Supreme Court in a diversity case applying Connecticut law. Motion (Doc. 310) at 11.

The defendant asserts that the "plaintiffs' argument about 'custody' is an irrelevant distraction" (Objection at 26), but this assertion finds no support in the law, the facts or logic. First, the defendant argues that the Court instructed the jury that a special relationship may be found "if students were in Kent School's 'custody or care' and Kent School never denied that students were in its care." Objection at 27. This baseless argument has been addressed *supra*. Second, the defendant argues that Mr. Cataldo's denial that Kent School took "custody" of students "did not create an actual dispute about whether Kent School took custody of students." Objection at 29. Just to state this argument is to reveal that it's nonsense. Third, the defendant argues that the jury could not have believed Cataldo's denial because he "reiterated that Father Schell had testified that Kent School takes custody of students" and he was "only expressing his personal disagreement with that conclusion". Objection at 28-29. But Father Schell

6

never testified that the school took custody of its students.[1]  And Cataldo, known by the jury to be Kent's CFO, COO, Associate Head of School, corporate officer, and the school's representative at trial), never said he was only "expressing his personal opinion".  Objection at 28.  <u>Fourth</u>, the defendant fails entirely to address the fact that Attorney Sconzo told the jury in his closing argument that Kent School did not have custody of Danilo and, therefore, owed him no duty of care.  *See* Motion for New Trial (Doc. 310) at 13.

<u>Fifth</u>, the defendant's argument that the plaintiff waived the general verdict rule "by failing to request interrogatories or a verdict form that separated out the question of duty from breach" (Objection at 13), finds no support in the law.  The Court in the one case it cites – *Morse v. Fusto* – found waiver where the party seeking to invoke the general verdict rule failed to "object to … jury instructions ultimately submitted to the jury".  Objection at 14.  The plaintiff here did object.  And the defendant failed to distinguish any of the cases cited in the Motion for New Trial, including *Green Tree Acceptance, Inc. v. Wheeler*, 832 F. 2d 116, 1218 (8th Cir. 1987) (Motion at 19) (verdict reversed under general verdict rule even where the plaintiff failed to object to the verdict form: "The court rejected Green Tree's proposed jury instruction. It would not be fair to place the burden on Green Tree to formulate a special verdict form that isolated the issue of law that the court improperly submitted to the jury.").  <u>Sixth</u>, the defendant argues that the jury must have found that Kent owed Danilo a duty of care "because they asked to have Mr. Hinman's testimony read back [and] [t]his request clearly indicates that the

---

[1] In fact, he dodged the question.  *See* July 7, 2021 Trial Tr. at 52 ("Q And we've talked a lot about safety. We've talked about the school's responsibility in that regard. And is that especially important because the school has custody of children as young as 13 and perhaps younger, I'm not sure.  A I -- I don't know if we had 13-year-olds. It's -- over my career, I'm sure we had a 13-year-old or two, but I don't -- that's very rare.").

7

jury was interested in the question of breach". Objection at 25. But this is pure speculation. The jury may have asked to hear Mr. Hinman's testimony again because they wanted to see if he, unlike Cataldo, admitted Kent had custody of its students or otherwise owed them a duty of care. And when they re-heard that he said nothing about custody and did not admit duty, they found that the school owed no duty and rendered a verdict for the defendant.

The defendant's Objection asserts unsupported and illogical arguments in response to the Motion for New Trial. It fails entirely to address many points. For all of the reasons stated in the Motion and in this Reply, the Court must grant a new trial.[2]

                                          Respectfully submitted,

                                          THE PLAINTIFF,

                                  By /s/_____
                                          Antonio Ponvert III
                                          Federal Bar No. ct17516
                                          Koskoff, Koskoff & Bieder
                                          350 Fairfield Avenue
                                          Bridgeport, Connecticut 06604
                                          Tel:  203-336-4421
                                          Fax: 203-368-3244
                                          Email: aponvert@koskoff.com

---

[2] This Reply focuses on the Court's erroneous duty instructions, which alone compel a new trial. The defendant's objection similarly fails to meaningfully address the other grounds for a new trial, as to which the plaintiff rests on his Motion and on oral argument.

**CERTIFICATION**

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/_____
Antonio Ponvert III